139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allen DUPUIS, Plaintiff-Appellant,
v.
Alaskan SHORES F/V, her engines, tackle, gear, apparel,
furniture, and equipment, In Rem; Alaskan Shores
Fisheries Inc., Defendants-Appellees.
 No. 96-36264.
D.C. No. CV-95-05565-FDB.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1998**.
Decided Feb. 9, 1998.
 
 Appeal from the United States District Court for the Western District of Washington Franklin D. Burgess, District Judge, Presiding.
 Before BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Allen Dupuis appeals the district court's judgment, following a bench trial, in Dupuis's seaman personal injury action, pursuant to the Jones Act (46 U.S.C. § 688) and under the general maritime law doctrines of seaworthiness and maintenance and cure. Dupuis seeks compensation for a herniated disk injury he allegedly suffered aboard ALASKAN SHORES while working with a Combi machine. We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * This court reviews findings of fact made by admiralty trial courts under the clearly erroneous standard of review. Resner v. Arctic Orion Fisheries, 83 F.3d 271, 273 (9th Cir.1996). "We reverse only if we are left with a definite and firm conviction that a mistake has been committed." Id. at 273 (quotation and citation omitted). "Special deference is paid to a trial court's credibility findings." Exxon Co. v. Sofec, Inc., 54 F.3d 570, 576 (9th Cir.1995), aff'd, 517 U.S. 830, 116 S.Ct. 1813, 135 L.Ed.2d 113 (1996).
 
 
 4
 "Evidentiary rulings are reviewed for an abuse of discretion and should not be reversed absent some prejudice." EEOC v. Pape Lift, Inc., 115 F.3d 676, 680 (9th Cir.1997).
 
 
 5
 The district court's conclusions of law are reviewed de novo. Howard v. Crystal Cruises, Inc., 41 F.3d 527, 529 (9th Cir.1994).
 
 II
 
 6
 Dupuis argues that the trial court erred by admitting character evidence on collateral matters. We disagree, as each item of evidence that Dupuis complains of was relevant either to his credibility or to the conduct of Alaska Shores. Since Dupuis took the stand, and his testimony was critical to causation, his credibility was particularly important. Contrary to what he contends, none of the "character" evidence was considered for the purpose of showing that Dupuis acted in any respect material to this action in conformity with prior bad acts. Cf. Jones v. Southern Pacific R.R., 962 F.2d 447 (5th Cir.1992) (evidence of prior tickets for speeding and improper braking was proffered, but excluded, to show that the engineer was going too fast and didn't break on this occasion).
 
 
 7
 That Dupuis used different social security numbers explained why the vessel owners had difficulty acknowledging his employment and injury, and why he was not truthful in testifying that he lacked funds to seek treatment because he used these social security numbers to collect unemployment benefits at the same time as he was getting paid by Alaskan Shores. Evidence that Dupuis failed to correct the misspelling of his name on his ALASKAN SHORES job application, and made fraudulent applications for unemployment benefits, was relevant for the same reasons.
 
 
 8
 Dupuis testified that his only employment between leaving the ALASKAN SHORES and the end of 1995 was the one day that he worked for Alan Anderson, but the transcript from Dupuis's state court criminal proceedings showed otherwise and was properly admitted as a prior inconsistent statement. There, he stated that he worked forty hours a week in May and October of 1995. This was relevant, because it impeached Dupuis's testimony that he was unable to work during this time.
 
 
 9
 Finally, Dupuis may not complain now about the district court's receiving evidence that he failed to disclose a pre-existing back injury on his ALASKAN SHORES job application because he did not object at trial. See City of Phoenix v. Com/Systems, Inc., 706 F.2d 1033, 1038 (9th Cir.1983) (appellate court will not review admissibility of testimony if no objection was raised in the district court unless manifest injustice will result or the question is purely legal). In any event, Dupuis's argument that failure to disclose his prior injuries would not legally affect his right to recover damages under the Jones Act may be correct but misses the point: the district court did not hold that Dupuis was statutorily ineligible for benefits because of the falsification; rather, it considered this fact when deciding whether Dupuis's testimony about his injuries was credible.
 
 III
 
 10
 Dupuis argues that the trial court erred in its findings because it ignored or misstated testimony. In particular, Dupuis points to the court's finding which noted Alan Anderson's testimony that Dupuis made no mention of a shoulder, arm, or neck injury and that it was his impression that after Dupuis worked for a couple of days he did not reappear because he needed to return to jail. We see no clear error, as Anderson in fact so testified, although he also testified somewhat inconsistently. It is up to the district court to resolve which of his statements is most credible in light of all the evidence, including Dupuis's own testimony in which he explained that Anderson would not give him a positive recommendation because "the last time I was supposed to work for him I didn't make it back.... I believe I went to jail when I was supposed to come back and work for him."
 
 IV
 
 11
 Dupuis argues that the district court should not have received evidence from criminal proceedings, but we disagree for reasons explained in Part II.
 
 V
 
 12
 Dupuis argues that the trial court erred in finding that he was not a credible witness and therefore failed to establish that his injury was related to his work on ALASKAN SHORES. We disagree.
 
 
 13
 Although Dupuis's mother, ex-girlfriend, and landlord corroborated his testimony that he was in pain, the district court's finding that Dupuis's pain was not caused by an injury on the ALASKAN SHORES was not clearly erroneous. He could have been in pain (as these witnesses testified that he appeared to be), but not from a herniated disk resulting from the combi or handling boxes on board the vessel.
 
 
 14
 Dupuis suggests that the district court erred by finding that Dr. Bryan's testimony does not support his allegations, but hasn't made any argument upon which we can base a decision. Therefore, the point is abandoned. American Int'l Enters. v. FDIC, 3 F.3d 1263, 1266 n. 5 (9th Cir.1993). Regardless, discounting Dr. Bryan's testimony was well within the court's discretion because he relied exclusively on Dupuis's version of events that the court found unbelievable.
 
 VI
 
 15
 In light of our determination that the district court did not err in finding or concluding that Dupuis was not suffering from a herniated disk during the time he was on the ALASKAN SHORES in January to March, but rather his herniated disk developed within two days of his seeking medical treatment for it in August, we need not consider Dupuis's argument that the district court erred by holding that he forfeited his right to maintenance and cure for the disk injury. Dupuis's herniated disk has no connection, either temporal or causal, to ALASKAN SHORES. In addition, any maintenance and cure obligation ALASKAN SHORES had to Dupuis for his apparent tendinitis was satisfied when, after he complained of shoulder and neck pain, it provided him with immediate medical attention and offered him light duty and convalescence with the LeMays. Dupuis refused the period of light duty on board the vessel recommended by Dr. Brockman (as well as the injection Brockman prescribed for the shoulder and neck pain he said he had) and instead went home. Under these circumstances, we cannot say the court erred in concluding that Dupuis had no right to maintenance and cure for his herniated disk.
 
 VII
 
 16
 Although we rule in its favor, we do not believe that the sanctions requested by ALASKAN SHORES pursuant to Fed. R.App. Pro. 38 are appropriate. They are, therefore, denied.
 
 
 17
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3